UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL WALTER PAYETTE,

               Plaintiff,             Civil No. 04-10294-BC
v.                                          Hon. David M. Lawson
                                               Magistrate Judge Charles E. Binder

ROYAL OAK POLICE DEPARTMENT,
BRIAN ZELAKIEWICZ, KENNETH
BEAN, JAMES STEHLIN, A. SPELLMAN,
D. WELCH and B. SAWYER,

               Defendants.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

The plaintiff, Michael Payette, is a prisoner presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan. His confinement results from a conviction for malicious destruction of police property, and the incidents that gave rise to his conviction also give rise to the lawsuit that he has filed against the Royal Oak Police Department and several of its members.

The Court referred the case to Magistrate Judge Charles E. Binder for general case management, and sometime thereafter the defendants' filed a motion for partial summary judgment. Magistrate Judge Binder filed a report and recommendation on September 13, 2005 recommending that the defendants' motion be granted and the case be dismissed with prejudice. The magistrate judge reasoned that the "Royal Oak Police Department" is not a legal entity that is amenable to suit, the plaintiff's federal claims are based upon the invalidity of the underlying arrest and other concomitant alleged Fourth Amendment violations and therefore barred under the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v.*

*Fidelity Trust Company*, 263 U.S. 413 (1923), and the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994); and the Court ought to decline jurisdiction over the plaintiff's pendant state law claims.

The plaintiff filed objections to the report and recommendation on September 30, 2005. The Court has conducted a *de novo* review of the motion papers in light of the magistrate judge's report and the plaintiff's objections. The objections themselves merely reargue the position that the plaintiff asserted in the response to the defendant's motion. The Court finds that the magistrate judge correctly addressed and decided the legal issues presented to him. The plaintiff's federal claims ought be dismissed on the grounds stated in the report.

However, the magistrate judge also recommended that the case be dismissed in its entirety. When the Court declines to exercise jurisdiction over state law claims, the proper course is to dismiss them without prejudice. *See Benzone v. Morgan Stanley Distributors, Inc.,* 420 F.3d 598, 605 (6th Cir. 2005); 28 U.S.C. § 1367(c)(3). In fact, when a dismissal of federal claims is based on want of jurisdiction, the proper remedy is a dismissal without prejudice of those claims as well. *See Alongi v. Ford Motor Company*, 386 F.3d 716, 719 (6th Cir. 2004).

A dismissal of federal claims under the *Rooker-Feldman* doctrine amounts to a ruling that federal courts do not have jurisdiction over claims previously presented to and decided by state courts. That doctrine states that the Supreme Court is the only federal court that has jurisdiction over such claims. *See Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (observing that "*Rooker-Feldman* is the name for the doctrine which holds that federal courts below the United States Supreme Court may not exercise appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with

issues decided in state court proceedings"). The magistrate judge's recommended dismissal even of the federal claims is, in essence, a dismissal for want of jurisdiction.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [dkt # 26] is **ADOPTED IN PART**.

It is further **ORDERED** that the defendants' motion for partial summary judgment [dkt #17] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED** in its entirety without prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 19, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 19, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS